UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lola T. Collins Welch,                                          Case No.  3:21-cv-02026

                    Plaintiff

            v.                                                  MEMORANDUM OPINION
                                                                AND ORDER

Mercy Health,

                    Defendant.

## I.      BACKGROUND AND HISTORY

*Pro se* Plaintiff Lola T. Collins filed this medical malpractice, personal injury action against

Mercy Health.  In the Complaint, she alleges that she was treated at Mercy Health for a blood clot

that was not in her lungs or her heart.  She does not explain what was wrong with this treatment but

asserts state law personal injury claims.  She seeks unspecified "money damages."

## II.     STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)

(per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis*

action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it

lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898

F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim

lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or

when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to

state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

### III.  ANALYSIS

Federal courts are courts of limited jurisdiction, and a party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear a case. *Kokkenen v. Guradian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal courts have subject-matter jurisdiction only over civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over cases where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs, 28 U.S.C. § 1332.

Plaintiff's Complaint on its face fails to demonstrate either federal question or diversity jurisdiction.  She has fails to demonstrate a basis for diversity of citizenship jurisdiction over any personal injury (or other state-law claim) she purports to assert as she has not alleged facts suggesting she and the Defendant are citizens of different states.  Complete diversity between all Plaintiffs and all Defendants is required for a federal court to exercise diversity jurisdiction.  *Shea v. State Farm Ins. Companies*, 2 Fed. Appx. 478, 479 (6th Cir. 2001).  Furthermore, Plaintiff's Complaint on its face alleges no claim arising under federal law for purposes of establishing federal question jurisdiction under 28 U.S.C. § 1331.

## IV.    CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted and fail to establish federal subject matter jurisdiction.  Therefore, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e).  I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge